OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 10, 1999

The Honorable Bill Ratliff
Chair, Finance Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0091

Re: Whether legislature constitutionally may exclude home schools from voucher system for private and parochial schools (RQ-0023)

Dear Senator Ratliff:

You ask whether the legislature constitutionally may exclude home schools from a voucher system for private and parochial schools. Because you ask in particular about the effect of the Texas Supreme Court's decision in *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994), we address the constitutional provision raised by the court of appeals in that case: the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The Equal Protection Clause prohibits a state from denying "to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. But it does not prohibit states from treating different classes of people in different ways. Rather, it prohibits laws that treat different classes differently on the basis of criteria unrelated to the objectives of the statute. *See Plyler v. Doe*, 457 U.S. 202, 216 (1982). "In applying the Equal Protection Clause to most forms of state action," the United States Supreme Court has said, "we thus seek only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose." *Id.*

In *Leeper*, 893 S.W.2d 432, the courts considered whether children educated at home were subject to the compulsory school attendance requirements of the Education Code. The statute at issue, now section 25.085 of the Education Code, required all school-age children in Texas to attend public schools a minimum number of days per year unless exempted by law. *Id.* at 433. Among those exempt from the attendance requirement was "'any child in attendance upon a private or parochial school which shall include in its course a study of good citizenship.'" *Id.* (quoting Act of May 24, 1991, 72d Leg., R.S., ch. 461, § 2, 1991 Tex. Gen. Laws 1678, 1680 (amended 1995, 1997) (current version at TEX. EDUC. CODE ANN. § 25.086 (Vernon 1996 & Supp. 1999)). It had been the position of the Texas Education Agency ("TEA") that a "private school" meant a traditional campus-type private school and not a home school. *Id.* at 443. Parents who educated their children at home could be criminally prosecuted for violating the compulsory attendance law. *Id.* at 433.

The court of appeals in *Leeper* considered whether TEA's policy violated the Equal Protection Clause because it treated the parents of home-schooled children differently from the

parents of children attending traditional private schools. *See Texas Education Agency v. Leeper*, 843 S.W.2d 41, 50 (Tex. App.–Fort Worth 1991), *rev'd in part and aff'd in part*, 893 S.W.2d 432 (Tex. 1994). The court of appeals found no justification for the distinction, and thus found that it violated the equal protection doctrine. *Id.* at 51. The court of appeals also held that home schools in which children were taught in a bona fide manner from a curriculum designed to meet basic education goals were private schools within the private school exception to the compulsory school attendance requirement. *Id.* at 51-52. The Texas Supreme Court upheld the court of appeals' construction of the compulsory attendance law–that is, that "private school" includes home schools–but did not consider the question of the Equal Protection Clause. *See Leeper*, 893 S.W.2d 432, 443-44, 446.

The United States Supreme Court has said that the application of the equal-protection-clause test necessarily requires an examination of "the facts and circumstances behind the law, the interests which the State claims to be protecting, and the interests of those who are disadvantaged by the classification." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968); *accord* Tex. Att'y Gen. Op. No. DM-484 (1998) at 5. The question you pose is in the abstract; we do not have before us a particular statute or the other information required for the equal protection analysis. Accordingly, we do not determine whether any particular exclusion of home-schooled children from a voucher program would pass constitutional muster under this test. However, in our view, neither the decision of the supreme court nor that of the court of appeals in *Leeper* bars the legislature from excluding home schools from a voucher system. The court of appeals applied the equal protection analysis only to the particular statute at issue. A voucher law excluding home schools would have to undergo its own analysis. And both the court of appeals and the supreme court construed the meaning of "private school" in the context of that particular statute. A law that excluded home schools from the definition of private schools for purposes of the voucher program and that substantiated their different treatment would not necessarily run afoul of the Equal Protection Clause. Nothing in *Leeper* raises a constitutional bar to such a statute.

## S U M M A R Y

The Texas Legislature may exclude home schools from a voucher system for private and parochial schools so long as it has a basis for that exclusion that bears a rational relationship to a legitimate public purpose. The decision of the Texas Supreme Court in *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994), does not bar the legislature from enacting a law that excludes home schools from a voucher system for private and parochial schools.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee